UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGORY D. SOBIN, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 3:14 CV 2044 |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Gregory D. Sobin, a pro se prisoner, filed an amended habeas corpus petition (DE 7) challenging the prison disciplinary hearing (WCU 14-09-577) where the Westville Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of Violating a State Law in violation of prison rule A-100 because he falsely reported that he had been sexually assaulted by a guard. On October 7, 2014, the DHB deprived him of 180 days earned credit time and demoted him to credit class 2. In his petition Sobin raises three grounds.

In Ground One, Sobin alleges that he was denied exculpatory evidence. An inmate has a right to present relevant, exculpatory evidence during a prison disciplinary hearing. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, prisoners do not have the right to present evidence which "would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence

which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Moreover, the denial of evidence is harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Here, Sobin requested a copy of the State law that he had violated: Indiana Code 35-44.1-2-3 False Reporting. However, the statute was the legal standard to be applied. It was not evidence. It could not have undermined the reliability of other evidence considered by the DHO. Nevertheless, Sobin was not denied the opportunity to have the DHO consider the statute because a copy is a part of this record. DE 11-3 at 4.

Sobin requested the audio recording of his interview with internal affairs. He also requested video showing the shakedown of his cell on August 30, 2014, and August 31, 2014. The DHO listened to the audio recording. DE 11-3 at 3. The DHO reviewed the video for August 31, 2014. DE 11-3 at 2. However, there was no video from August 30, 2014, to be reviewed. DE 11-3 at 1. The hearing officer did not refuse to consider the August 30, 2014, video; it simply did not exist. This was not a denial of due process. The DHO considered all of the available evidence that Sobin requested. Sobin also objects that he did not receive summaries of the audio and video reviews. Though that may have violated prison policy, habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Moreover, not giving him a copy

2

of those summaries was harmless because the evidence was considered and neither was exculpatory. *See Piggie v. Cotton*, 342 F.3d 660 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary proceedings). Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Sobin argues that there was no evidence that he was guilty of false reporting. "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Here, the evidence shows that Sobin reported being sexually assaulted on August 31, 2014, when a guard "reached into the cuff port while he was handcuffed and grabbed his genitals." DE 11-1 at 1. The video evidence shows that did not happen. DE 11-3 at 2. Sobin argues that he was mistaken about the date and that the assault occurred on August 30, 2014. That could be true or it could be an additional lie to cover for his previous lie. It is not for this court on habeas review to independently assess his credibility. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The DHO clearly did not believe him. Sobin reported being sexually assaulted on August 31, 2014, and the video evidence is sufficient to support finding that to have been a false report. Therefore Ground Two is not a basis for habeas corpus relief.

In Ground Three, Sobin argues that the DHO was biased and retaliated against him by finding him guilty. However, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999).

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, there is no indication that the DHO was a witness to the event or involved in its investigation. Neither has Sobin demonstrated a due process violation. Therefore Ground Three is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

**SO ORDERED.**

Date: March 8, 2016

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT